UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN RE APPLICATION FOR ACCESS TO CERTAIN SEALED VIDEO EXHIBITS | ) ) ) ) ) ) )  Civil Action No. 21-mc-81 (TSC) |

## ORDER

Pursuant to Local Criminal Rule 57.6 and Standing Order No. 21-28, sixteen media organizations[1] ("the Press Coalition") have petitioned for access to certain video exhibits in *United States v. Ponder*, Criminal Action 21-cr-259, a case arising out of the January 6, 2021 riot at the United States Capitol. ECF No. 1. The videos at issue include footage of Mark K. Ponder, the Defendant in Criminal Action 21-cr-259, striking an officer's riot shield with a pole and engaging in other aggressive conduct. *See* Statement of Facts at 2, *United States v. Ponder*, No. 21-cr-259, ECF No. 1-1 (D.D.C. Mar. 12, 2021). Though Ponder does not object to the release of the videos, the government does, arguing that the videos are not judicial records and therefore are not entitled to a presumption of public access. ECF No. 4. The court agrees.

"[W]hether something is a judicial record depends on the role it plays in the adjudicatory process." *In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders*, 964 F.3d 1121, 1128 (D.C. Cir. 2020). If an item was used "to influence the court," it qualifies as a judicial record. *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir.

---

[1] These organizations are Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post.

2017). However, the D.C. Circuit has made it clear that, for an item to be considered a judicial record, "it is very much a prerequisite" that the item be filed with or reviewed by the court. *SEC v. Am. Int'l Gr.*, 712 F.3d 1, 4 (D.C. Cir. 2013). *Contra Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) ("While filing clearly establishes [status as a judicial record], a document may still be construed as a judicial record, absent filing, if a court interprets . . . that document.").

The video exhibits at issue were never filed with, or submitted to, the court, nor were they shown in open court. In ordering Ponder to be detained pending trial, Magistrate Judge Faruqui relied on the government's description of the video footage and screenshots of the footage, not the footage itself. *See* Order of Detention Pending Trial at 2–3, *United States v. Ponder*, No. 21-cr-259, ECF No. 12 (D.D.C. Mar. 24, 2021) (explaining that Ponder was "captured on video wearing a distinctive beige sweater that was later found at his home during arrest"). Because the video footage was never filed with (or otherwise shown to) the court, it cannot be classified as a judicial record under Circuit precedent.

The descriptions and screenshots of Ponder's conduct upon which Magistrate Judge Faruqui relied are included in the Statement of Facts appended to the government's Complaint against Ponder, which is publicly available. Furthermore, the Press Coalition may order a transcript of the March 22, 2021 hearing before Magistrate Judge Faruqui during which the government described Ponder's conduct in detail. Thus, all the evidence that was used to influence the court in its pretrial detention ruling has been made public.

Accordingly, the Press Coalition's petition is hereby DENIED.

Date: July 20, 2021

*Tanya S. Chutkan*
Tanya S. Chutkan
United States District Judge